IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JACK RAY SMITH,

      Petitioner,

v.                                         CASE NO. 5:11-cv-275-MP-GRJ

SECRETARY, DEPT.
OF CORRECTIONS

      Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by fling a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 2005 conviction for aggravated battery on a person 65 years of age or older.  (Doc. 1.)  Now pending before the Court is Respondent's motion to dismiss the Petition as time-barred.  (Doc. 17.)  Petitioner has not responded to the motion to dismiss but instead filed a "Motion To Dismiss Respondent's Untimely and Fraudulent Motion" in which he claims Respondent falsified the date listed in the Certificate of Service in the Respondent's motion to dismiss.  (Doc. 22.)  Upon due consideration, and for the following reasons, the undersigned recommends that the motion to dismiss be granted.

## One-Year Limitation Period

Petitioners whose convictions became final after the effective date of the AEDPA have a one-year period within which to seek federal habeas corpus review of their convictions.  28 U.S.C. § 2244(d). The one-year limitations period begins to run, *inter alia*, from "the date on which the judgment became final by the conclusion of direct

review or the expiration of the time for seeking such review[.]"  *Id.* § 2244(d)(1)(A). The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for post conviction relief, and may be equitably tolled in appropriate "extraordinary circumstances."  *Id.* § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

## **Procedural History**

The state-court procedural history of Petitioner's case is summarized in the Respondent's motion and Petitioner does not contest the accuracy of that summary. On October 4, 2004, the State of Florida filed a criminal information in the Circuit Court for the Fourteenth Judicial Circuit in Washington County, Florida (the "trial court") charging Petitioner with one count of aggravated battery on a person 65 years of age or older, in violation of Fla. Stat. §§ 784.045(1)(a)(2) and 784.08(1) and (2), a first degree felony. (Doc. 17 Ex. C at 9.)  Pursuant to a plea agreement signed on January 11, 2005, Petitioner entered a plea of no contest. (*Id.* at 16-17.)  By judgment rendered on January 24, 2005, *nunc pro tunc* to January 11, 2005, Petitioner was adjudicated guilty and sentenced to 5 years of probation/community control. (*Id.* at 23-24.)

On July 14, 2005, Petitioner's probation officer filed an affidavit of violation of probation (community control) alleging Petitioner violated his probation by "committing the criminal offenses of Aggravated Battery and False Imprisonment on 07-14-05." (*Id.* at 44.)   Petitioner's probation officer was informed of the violations by the officer who arrested Petitioner on July 14, 2005. (*Id.* at 44-46.)

After an evidentiary hearing on the alleged violations, the trial court found Petitioner in violation of his probation, revoked his probation (community control) and

sentenced Petitioner to 30 years incarceration by Order rendered November 17, 2005, *nunc pro tunc* to November 8, 2005.  (*Id.* at 59-60, 66.)  Petitioner appealed his conviction to the First District Court of Appeal, which affirmed *per curiam* without a written opinion on November 13, 2006. (Exs. D, E); *Smith v. State*, 944 So. 2d 356 (Fla. Dist. Ct. App. 2006). The First District Court of Appeal issued its mandate on December 12, 2006. (Ex. F.)

On February 9, 2007, Petitioner filed his first Motion for Post-Conviction Relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. (Ex. H at 1-6.) On January 18, 2008, after an evidentiary hearing, the trial court denied Petitioner's first Rule 3.850 motion.  (*Id.* at 29-42.) Petitioner appealed the trial court's denial of his first Rule 3.850 motion to the First District Court of Appeal, which affirmed *per curiam* without a written opinion on October 1, 2009. (Ex. K); *Smith v. State*, 19 So. 3d 316 (Fla. Dist. Ct. App. 2009). The First District Court of Appeal issued its mandate on October 27, 2009. (Ex. L.)

While the appeal of the denial of his first Motion for Post-Conviction Relief was pending, on February 11, 2009, Petitioner filed a Motion to Correct Illegal Sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure. (Ex. N at 8-14.) The trial court denied the Rule 3.800(a) motion on March 8, 2010. (*Id.* at 15-16.) Petitioner appealed the denial of this motion to the First District Court of Appeal, which, on June 23, 2010, affirmed *per curiam* without a written opinion. (Ex. P); *Smith v. State*, 38 So. 3d 774 (Fla. Dist. Ct. App. 2010). The First District Court of Appeal issued its mandate on July 20, 2010.  (Ex. Q.)

While both his first Motion for Post-Conviction Relief and his Motion to Correct

Illegal Sentence were pending, on July 9, 2009, Petitioner filed a second Motion for

Post-Conviction Relief pursuant to Rule 3.850 of the Florida Rules of Criminal

Procedure, purportedly based on newly discovered evidence. (Ex. S at 1-15.) The trial

court denied the motion as untimely and impermissibly successive, noting "The

Defendant's present Rule 3.850 motion is untimely and successive and, even if the

Defendant were permitted to correct the deficiencies in his motion, he would not be

entitled to relief." (*Id.* at 16-18.)  The trial court also noted the newly discovered

evidence was refuted by Petitioner's own pleadings and deemed the second Rule 3.850

motion an abuse of the judicial process.  (*Id.* at 17.)  Petitioner appealed the denial of

his second Rule 3.850 motion to the First District Court of Appeal, which affirmed *per

curiam* without a written opinion on May 18, 2010. (Ex. V); *Smith v. State*, 36 So. 3d

661 (Fla. Dist. Ct. App. 2010). The First District Court of Appeal issued its mandate on

June 15, 2010. (Ex. W.)

On July 30, 2010, Petitioner filed what he entitled a "Motion for Fraud Practiced

Upon The Court Manifest Injustice" in which he requested a petition for a writ of habeas

corpus and claimed he was being held in violation of his due process and equal

protection rights. (Ex. Y at 1-34.)  On October 8, 2010, the trial court entered an order

dismissing the petition, noting it was procedurally barred, untimely and successive.  (*Id.*

at 35-36.)  In support of this conclusion, the trial court noted the following:

> Defendant now files the instant Petition for Writ of Habeas Corpus
> attacking his conviction.  However, Defendant's petition is procedurally
> barred.  *See Baker v. State*, 878 So. 2d 1236, 1245 (Fla. 2004)("The
> remedy for habeas corpus is not available in Florida to obtain the kind of
> collateral post conviction relief available by motion in the sentencing court
> pursuant to rule 3.850.")  Since Defendant's instant petition would be
> considered both untimely and successive if considered as a motion for

> post-conviction relief under Rule 3.850, his petition is due to be dismissed. <u>*See* Baker</u>, 878 So. 2d at 1246.  <u>*See also*</u> *Zuluaga v. State, Fla. DOC*, 32 So. 3d 674 (Fla. 1st DCA 2010).

(*Id.* at 35.)  Petitioner appealed the denial of this motion to the First District Court of Appeal, which affirmed *per curiam* without a written opinion on April 14, 2011. (Ex. CC); *Smith v. State*, 63 So. 3d 757 (Fla. Dist. Ct. App. 2011). Petitioner moved for rehearing, which the First District Court of Appeal denied, and, on June 20, 2011, the First District Court of Appeal issued its mandate.  (Exs. DD, EE, FF.)

On August 2, 2011, Petitioner handed the instant Petition for Writ of Habeas Corpus to prison officials for mailing.  (Doc. 1.)

### Discussion

Petitioner's conviction became final on or about February 12, 2007, when the 90-day period for filing a writ of certiorari to the United States Supreme Court expired after the First District Court of Appeal's affirmance *per curiam* without opinion of his direct appeal on November 13, 2006.  (Exs. D, E); *Smith v. State*, 944 So. 2d 356 (Fla. Dist. Ct. App. 2006).  Petitioner had already filed his Rule 3.850 motion on February 9, 2007, which was denied by the trial court on January 18, 2008, a denial which the First District Court of Appeal affirmed *per curiam* without a written opinion on October 1, 2009, with the mandate issuing October 27, 2009. (Exs. H, K and L); *Smith v. State*, 19 So. 3d 316 (Fla. Dist. Ct. App. Oct. 1. 2009) (Table).  While Petitioner's first Rule 3.850 motion was still pending, Petitioner filed his Motion To Correct Illegal Sentence on February 11, 2009, which the trial court denied on March 8, 2010, a denial which the First District Court of Appeal affirmed on June 23, 2010, with the mandate issuing July 20, 2010. (Exs. N, P and Q); *Smith v. State*, 38 So. 3d 774 (Fla. Dist. Ct. App. 2010).

To further complicate matters, Petitioner also filed a second Rule 3.850 motion while both his first Rule 3.850 motion and his Motion To Correct Illegal Sentence were still pending.  (Ex. S at 1-15.)  This second Rule 3.850 motion, filed on July 9, 2009, was denied by the trial court as "untimely and impermissibly successive" on August 27, 2009, a denial which the First District Court of Appeal affirmed on May 18, 2010, with the mandate issuing June 15, 2010.  (Ex. S at 16-18, Exs. V, and W); *Smith v. State*, 36 So. 3d 661 (Fla. Dist. Ct. App. 2010).

On July 30, 2010, Petitioner then filed what he styled as a "Motion For Fraud Practiced Upon The Court Manifest Injustice" in which he requested a state writ of habeas corpus based on purported violations of his due process and equal protection rights.  (Ex. Y at 1-34.)  The trial court entered an October 8, 2010 order dismissing the motion for fraud practiced on the court as procedurally barred, untimely and successive.  (*Id.* at 35-36.)  The trial court's denial of this motion was affirmed by the First District Court of Appeal on April 14, 2011, which also denied a subsequent motion for rehearing, and the mandate issued June 20, 2011.  (Exs. CC, DD, EE and FF); *Smith v. State*, 63 So. 3d 757 (Fla. Dist. Ct. App. 2011).

The United States Supreme Court has made clear that a state post-conviction petition that is dismissed as untimely under state law is not "properly filed," and thus does not toll AEDPA's one year statute of limitations.  *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005); *see also Webster v. Moore*, 19 F.3d 1256, 1258-59 (11th Cir. 2000). Accordingly, the time period during which Petitioner's second Rule 3.850 motion and his motion for fraud practiced upon the court – both of which the trial court construed as

untimely and successive state postconviction motions –  were pending would not toll the one year limitations period pursuant to *Pace v. DiGuglielmo*, as both were deemed untimely under state law.

Accordingly, Petitioner's one year limitations period began when the mandate issued for the First District Court of Appeal's affirmance of the trial court's denial of his Motion To Correct Illegal Sentence on July 20, 2010.  Petitioner filed his Petition in this case on August 2, 2011, 378 days after July 20, 2010.  Accordingly, because Petitioner filed his Petition after the one year limitations period had expired, it is clear the Petition is time-barred.

Furthermore, Petitioner makes no argument that he is entitled to any tolling of the limitations period.  Instead Petitioner filed a motion to dismiss the Respondent's motion to dismiss as untimely and fraudulent in which Petitioner argues the Respondent sent him the motion to dismiss 12 days after the date listed in the Certificate of Service on the motion to dismiss and urging the Court to deny the Respondent's motion on those grounds.  Doc. 22.  Petitioner makes no arguments as to why he should be entitled to equitable tolling of the one year statute of limitations period set forth in AEDPA.  The petition is therefore due to be dismissed as time-barred.

## Conclusion

For the foregoing reasons it is respectfully **RECOMMENDED** that: (1) Respondent's Motion To Dismiss As Untimely, Doc. 17, should be **GRANTED**, (2) Petitioner's Motion to Dismiss Respondent's Untimely and Fraudulent Motion, Doc. 22,

should be **DENIED**, and (3) a certificate of appealability should be **DENIED**.

**IN CHAMBERS** this 28th day of June 2012.

*s / Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**