IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JACK RAY SMITH,

    Petitioner,

v.                                                                        CASE NO. 5:11-cv-00275-MP-GRJ

EDWIN G. BUSS,

    Respondent.

_____/

**O R D E R**

This cause comes on for consideration upon the magistrate judge's Report and Recommendation dated June 28, 2012. (Doc. 23). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). I have made a de novo determination of any timely filed objections.[1]

Having considered the Report and Recommendation, and any objections thereto timely filed, I have determined that the Report and Recommendation should be rejected.

Accordingly, it is now ORDERED as follows:

---

[1] Petitioner objects to the Report and Recommendation and asserts that his petition for writ of habeas corpus was timely filed. Specifically, petitioner argues that based upon *Thompson v. Sec'y, Dep't of Corr.,* his July 30, 2010 state writ of habeas corpus tolls the limitations period. 595 F. 3d 1233 (11th Cir. 2010). The Eleventh Circuit was clear in *Thompson* that "[w]hether an application is properly filed is distinct from whether the application's claims are meritorious or procedurally barred." 595 F.3d at 1236. In *Estes v. Chapman*, the Eleventh Circuit "concluded that a motion to vacate a sentence was 'properly filed' even though the state court ultimately lacked jurisdiction to modify the defendant's sentence. As the State conceded, the Georgia court had initial jurisdiction to determine whether it had jurisdiction to modify the sentence, and the motion otherwise complied with the filing requirements." *Thompson*, 595 F.3d at 1236 (citing *Estes v. Chapman*, 382 F.3d 1237, 1241 (11th Cir. 2004)). Thus, like Thompson and Estes, petitioner invoked the wrong statutory vehicle. However, the state habeas petition met the state procedural and filing requirements on its face as a state habeas petition. As such, petitioner's July 30, 2010 state habeas petition was properly filed for purposes of triggering the tolling provisions of § 2244(d)(2).

1. The magistrate judge's Report and Recommendation is rejected and this matter is referred back to the magistrate judge for further proceedings.

2. Respondent's motion to dismiss habeas petition as untimely (doc. 17) is DENIED.

3. Petitioner's motion to dismiss respondent's untimely and fraudulent motion (doc. 22) is DENIED as moot.

**DONE AND ORDERED** this   *1st* day of October, 2012

 *s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge